UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ANDREW GOLDBERG, individually and on behalf
all others similarly situated, as a class,

                              Plaintiffs,

  -v-                                                   5:15-CV-0538
                                                          (DNH/TWD)

GREGORY W. GRAY, JR.; GREGORY P. EDWARDS;
ARCHIPEL CAPITAL, LLC; BIM MANAGEMENT, LP;
BENNINGTON INVESTMENT MANAGEMENT, INC.;
NIXON PEABODY, LLP; JOHN KOEPPEL ESQ.; and
against all in a representative and fiduciary capacity
for as acting GENERAL PARTNERS; and CONTROL
MEMBERS of BENNINGTON–EVERLOOP LP;
ARCHIPEL CAPITAL-AGRIVIDA LLC; ARCHIPEL
CAPITAL-BLOOM ENERGY LP; ARCHIPEL
CAPITAL–LATE STAGE FUND LP; ARCHIPEL
CAPITAL–LINEAGEN LP; ARCHIPEL CAPITAL–SOCIAL
MEDIA FUND LP, (1, 2, 3 & 4) and against each said
funds Individually as Limited Partnership Enterprises
and as Attorneys and Publishers of all Private Placement
Memorandums in connection with each/any/or all of the
above entities; and Jane Does and Mary Roes (#1-10),

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| CHERUNDOLO LAW FIRM, PLLC<br>Attorney for the Plaintiffs<br>100 Madison Street<br>Syracuse, NY 13202 | JOHN C. CHERUNDOLO, ESQ. |
| WOLFORD LAW FIRM, LLP<br>Attorney for Defendant Nixon Peabody, LLP<br>and John Koeppel, Esq.<br>16 East Main Street<br>Rochester, NY 14614 | MICHAEL R. WOLFORD, ESQ. |
| BALLARD, SPAHR LAW FIRM<br>Attorney for Defendant Gregory P. Edwards<br>and Bennington Investment Management, Inc.<br>919 Third Avenue, 37th Floor<br>New York, NY 10022 | MICHAEL J. GRUDBERG, ESQ. |

MCCONVILLE, CONSIDINE LAW FIRM  
Attorney for Lucien A. Morin, II, Receiver  
25 E. Main Street, Suite 500  
Rochester, NY 14614

WILLIAM E. BRUECKNER, III, ESQ.

Gregory W. Gray, Jr.  
Pro Se Defendant  
760 Forest Avenue  
Buffalo, New York 14092

DAVID N. HURD  
United States District Judge

# MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

Plaintiff Andrew Golberg ("Goldberg") filed this class action complaint alleging various violations relating to securities fraud. At the heart of his complaint, plaintiff alleges that defendant Gregory W. Gray Jr. and the other defendants engaged in ongoing fraudulent conduct designed to defraud investors and that defendant Gray operated a classic Ponzi-like scheme.

## II. FACTUAL BACKGROUND

Plaintiff contends that from 2011 to 2015, defendant Gray and defendant Gregory Edwards raised approximately $19.6 million in investments from at least 140 individuals and investors through 11 investment limited liability companies and limited partnerships listed in the complaint (the "Archipel Entities")[1]. Plaintiff's complaint alleges that the individual defendants, including investment professionals and their attorneys, made material misrepresentations when marketing investments to the plaintiffs and during the course of the investment relationship, including misleading investors concerning business partnerships, product development, the

---

[1] Although 12 investment vehicles are listed in the Complaint, it appears that only Archipel Capital LLC, BIM Management, Inc. and Bennington Investment Management, Inc. have been served.

- 2 -

number of product users and major co-investors, specifically with regards to an investment in Everloop, Inc., a business engaged in social media platforms for youth. Plaintiff also alleges that the defendants failed to disclose that defendant Gray had previously been the subject of discipline for misusing customer monies and surrendered his license for trading in February 2008. Plaintiff further alleges that defendant Gray utilized funds for certain investment vehicles to provide anticipated returns to other investment vehicles and falsified documents to conceal the commingling of funds.

On February 27, 2015, the Security and Exchange Commission commenced an action against defendant Gray and the Archipel Entities in the Southern District of New York, enjoining further activity of the Archipel Entities and seeking damages from defendant Gray (the "SEC Action"). Neither Gregory Edwards, Bennington Investment Management, Inc., Nixon Peabody, LLP nor John Koeppel are named as defendants in the SEC Action. Pursuant to a court order in the SEC Action, Lucien Morin (the "Receiver") was appointed the receiver to preserve the status quo with respect to the assets contained in the Archipel Entities.

Plaintiff's complaint alleges: (i) violations of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962) (Claims 1 & 2), (ii) violation of § 10(b) of the Exchange Act and Rule 10-(b)(5) (Claim 3), (iii) violation of § 12 of the Securities Act (Claim 4) and (vii) numerous state law claims including fraud, negligent misrepresentation, breach of fiduciary duty, violation of New York General Business Law §§ 349 and 350, conversion, unjust enrichment, and violation of New York Debtor & Creditor Law §§ 273-276 concerning fraudulent conveyances (Claims 5-15).

Presently under consideration are: (i) plaintiff's motion to amend his complaint; (ii) the Receiver's motion to intervene and stay action, (iii) defendants Nixon Peabody, LLP and John

Koeppel's (collectively, the "Nixon Defendants") motion to dismiss for failure to state a claim and (iv) defendant Gregory Edwards and Bennington Investment Management, Inc.'s (collectively, the "Edwards Defendants") motion to dismiss for failure to state a claim.

## III. DISCUSSION

*(a) Cross Motion to Amend (ECF No. 39)[2]*

Plaintiff commenced this action against defendants by timely filing a Summons and Complaint on April 30, 2015. On September 1, 2015, the Nixon Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Also on September 1, 2015, the Edwards Defendants filed a separate motion to dismiss. On September 16, 2015, plaintiff requested a sixty (60) adjournment and extension of time to submit papers in opposition to the motions to dismiss filed by the Nixon and Edwards Defendants. Such request was granted. After the Receiver filed the Motion to Intervene and Stay, by order of the Court, plaintiff's response was due on November 17, 2015. On November 17, 2015, plaintiff filed this motion to amend/correct and attached the proffered Amended Summons and Complaint.

Plaintiff has moved pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), or alternatively Rule 15(a)(2), to amend its complaint. Rule 15(a)(1)(B) permits a plaintiff to file an amended complaint "as a matter of course . . . 21 days after service of a motion under Rule 12(b)." However, most courts, have found that an extension of time to respond to a Rule 12(b) motion does not extend the 21 day time period within which a plaintiff may file an amendment as a matter of course. See Ellis v. Jean, 2011 WL 6368555, at *7 (S.D.N.Y. Dec. 16, 2011); Caro v. Weintraub, 2010 WL 4514273, at *8 (D. Conn. Nov. 2, 2010). As a result, plaintiff is not

---

[2] Plaintiff appears to have filed an identical cross motion in response to both pending Motions to Dismiss. See ECF Nos. 39 & 40. Consequently, only ECF No. 39 will be referred to and ECF No. 40 will be considered duplicative.

entitled to amend his complaint as a matter of course.

Leave to amend a complaint should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). It is "within the sound discretion of the district court to grant or deny leave to amend." McCarthy v. Dun & Bradstreet, 482 F.3d 184, 200 (2d Cir. 2007). "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). "Amendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." AEP Energy Services Gas Holding Co. v. Bank of America, N.A., 626 F.3d 699, 725 (2d Cir. 2010).

Here, plaintiff argues that permitting the amendment shall not result in any prejudice to the defendants and that plaintiff has not acted with undue delay, bad faith or dilatory motive. Both the Nixon Defendants and the Edwards Defendants opposed plaintiff's motion arguing that the motion to amend is futile as the claims contained in the proposed amended complaint still fail to state proper claims against them.

The Court finds that allowing for leave to amend would not be unduly prejudicial to the defendants. The initial complaint was filed in April 2015 and the motion to amend was made within a reasonable time frame of the filing of the motions to dismiss. The proposed amended complaint is based on the same series of allegations and facts. Further, plaintiff's proposed

amendments do not appear futile. As a result, plaintiff's motion to amend pursuant to Rule 15(a)(2) will be granted. Plaintiff is advised that it will not be permitted to file additional amended complaints, to cure defects or otherwise.

*(b) Motions to Dismiss by the Nixon Defendants and Edwards Defendants.*

As plaintiff's motion to amend will be granted, the motions to dismiss by the Nixon Defendants and the Edwards Defendants shall be denied without prejudice. Defendants shall be permitted to renew their motions to dismiss addressing specific allegations contained in the amended complaint.

*(c) Receiver's Motion to Intervene (ECF No. 34).* The Receiver has brought a motion to (i) intervene as a party defendant in the present action and (ii) stay the present action as against the Archipel Entities. The Receiver argues that the SEC Action involves largely overlapping issues of fact and law and overlapping relief that would benefit the same investors. Further, the Receiver argues that the burden of defending both actions will ultimately diminish the likelihood of recovery for the plaintiff class.

Pursuant to Federal Rule of Civil Procedure 24(a)(2), "the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action . . .". As the Receiver has been appointed to preserve the status quo and to prevent the dissipation of the property and assets of the Archipel Entities, the motion to intervene shall be granted.

The Receiver further contends that the proceedings against only the Archipel Entities should be stayed. A court's power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants. See Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986).

In Nuccio v. Duce, 2015 WL 1189617 at *5 (N.D.N.Y. March 16, 2015), the Court identified five factors that should be examined in deciding whether to stay proceedings: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation, and (5) the public interest.

The Receiver contends that hardship will be imposed upon the defendants and the Archipel Entities if they are required to defend two separate but overlapping actions and result in an unnecessary expense and diminution of assets, which may ultimately go to investors. Plaintiffs do not generally object to a stay but wish to obtain discovery from the Archipel Entities in order to proceed against the remaining defendants. As plaintiff's motion to amend will be granted, it is premature to determine whether a stay with regards to the Archipel Entities is appropriate. As a result, a ruling on the Receiver's motion to stay is reserved for further consideration.

*(d) Defendant Gray's Letter.*

On September 1, 2015, Magistrate Therese Wiley Dancks ordered that a response to the complaint for defendant Gregory W. Gray, Jr. was due on or before October 15, 2015. See ECF No. 29. On October 15, 2015, defendant Gray submitted a letter indicating that he would be representing himself and wished to join the motions to dismiss filed by the Nixon Defendants and the Edwards Defendants. However, defendant Gray's letter is insufficient to serve as a Notice of Joinder to the motions to dismiss of the Nixon Defendants and the Edwards Defendants. Regardless, defendant Gray will be permitted to enter appropriate responsive papers within thirty (30) days of service of the Amended Complaint.

## IV. **CONCLUSION**

For the foregoing reasons, it is ORDERED that:

(1) Plaintiff's cross motion to amend (ECF No. 39) is **GRANTED** and the Amended Complaint is deemed served and filed this date;

(2) Defendants Nixon Peabody, LLP and John Koeppel Esq.'s motion to dismiss for failure to state a cause of action (ECF No. 25) and defendants Gregory P. Edwards and Bennington Investment Management, Inc.'s motion to dismiss (ECF No. 30) are **DENIED** without prejudice. Defendants are directed to file an Answer or a Motion to Dismiss the Amended Complaint on or before January 8, 2016;

(3) Receiver's motion to intervene (ECF No. 34) is **GRANTED**;

(4) Decision concerning the Receiver's motion to stay (ECF No. 34) is **RESERVED**;

(5) Defendant Gregory W. Gray Jr.'s letter (ECF No. 33) is **STRIKEN**. Defendant Gray is directed to file an Answer or a Motion to Dismiss the Amended Complaint on or before January 8, 2016; and

(6) Failure to file an Answer or a Motion to Dismiss may result in the entry of a default judgment.

IT IS SO ORDERED.

United States District Judge

Dated: December 9, 2015
Utica, New York