UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
————————————————————————

STEVEN AMERIO and ANDREW GOLDBERG,
Individually and on behalf of
all others similarly situated, as a class,

                            Plaintiffs,              5:15-CV-00538
                                                     (DNH/TWD)

              v.

GREGORY W. GRAY, JR., et al.,

                            Defendants.
————————————————————————————————————

APPEARANCES:                                OF COUNSEL:

CHERUNDOLO LAW FIRM, PLLC                    J. PATRICK LANNON, ESQ.
Attorneys for Plaintiff Goldberg

WILENTZ, GOLDMAN & SPITZER, PA              KEVIN P. RODDY, ESQ.
Attorneys for Plaintiff Amerio             JAMES E. TONREY, JR., ESQ.

GREGORY W. GRAY, JR.
Defendant pro se

TARKER KRINSKY & DROGAN, LLP                MICHAEL J. GRUDBERG, ESQ.
Attorneys for Defendants Edwards and
Bennington Investment Management, Inc.

McCONVILLE, CONSIDINE LAW FIRM              WILLIAM E. BRUECKNER, ESQ.
Attorneys for Intervenor Defendant Morin

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## DECISION and ORDER

## I.    INTRODUCTION

        Plaintiff Andrew Goldberg commenced this class action against various defendants

alleging violations of the Securities Exchange Act (the "Exchange Act"), the Securities and

Exchange Commission ("SEC") Rules, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and numerous state law claims involving, among others, fraud, negligent misrepresentation, breach of fiduciary duty, conversion, and unjust enrichment.  (Dkt. No. 1.) An Amended Complaint alleging the same various claims was filed with permission (Dkt. No. 53), and thereafter a Second Amended Complaint was filed with permission.  (Dkt. No. 132.)

Presently before the Court is Plaintiffs' motion for appointment as co-lead plaintiffs on behalf of all others similarly situated, and for appointment of co-lead counsel pursuant to the Private Securities Litigation Reform Act ("PSLRA").  (Dkt. No. 162.)  Defendant Gregory W. Gray ("Gray") opposes that portion of the motion seeking to have the law firm of Wilentz, Goldman & Spitzer, PA, appointed as co-lead counsel for Plaintiffs.  (Dkt. No. 168.)  Plaintiffs filed a reply (Dkt. No. 171) without permission, and Defendant Gray filed a sur-reply (Dkt. No. 176) without permission.  The Court has not considered the reply and sur-reply (Dkt. Nos. 171,  176) since they were filed without permission as required by Local Rule 7.1.  The remaining Defendants have not submitted any papers and apparently take no position on the motion.

Also before the Court is Plaintiffs' motion for reconsideration of the Court's Text Order (Dkt. No. 166) requiring Plaintiffs and Defendant Gray to split the cost of the Plaintiffs' production of documents.  (Dkt. No. 167.)  Defendant Gray filed a letter in opposition.  (Dkt. No. 173.)  Plaintiffs again filed a reply (Dkt. No. 174) without permission, which the Court has not considered.  While the above-referenced motions were pending, Defendant Gray filed a letter request (Dkt. No. 177) to stay the action, to which Plaintiffs filed a response.  (Dkt. No. 178.)  Defendant Gray also filed a letter request (Dkt. No. 180) to reschedule the upcoming Court telephone conference, to which Plaintiffs also filed a response.  (Dkt. No. 181.)

## II.    DISCUSSION

### A.    PRIVATE SECURITIES LITIGATION REFORM ACT

The PLSRA states that the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons that (1) has either filed the complaint or made a motion in response to the early notice to class members; (2) has the largest financial interest in the relief sought by the class in the determination of the court; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Here, the Co-Plaintiffs filed the Second Amended Complaint, and provided early notice to investors.  (Dkt. No. 162-2 at 87-96.[1])  The motion for appointment of co-lead plaintiffs and counsel was timely filed, and both Co-Plaintiffs certified that they are willing to serve as representatives of the relevant class of investors.  (Dkt. No. 162-2 at 98-99, 101-102.)  These Co-Plaintiffs have certified that they have, in total together, incurred approximately $300,000.00 in losses as a result of the alleged conduct of Defendants.  *Id.* The Co-Plaintiffs have also preliminarily shown that they satisfy the typicality requirement of Rule 23 of the Federal Rules of Civil Procedure because their claims are typical of any member of the potential class.  Like other members of the potential class, they allege they were deceived into purchasing securities by false and misleading statements by Defendants, that they relied on those statements, and that they were harmed by the alleged deception. (*See generally* Dkt. No. 132.)  The Co-Plaintiffs' claims are similar to the claims of the potential class, and Plaintiffs' counsel are experienced in class actions.  (Dkt. No. 162-2 at

---

[1]    Page references to documents identified by docket number refer to the page numbers inserted by the Court's electronic filing system maintained by the Clerk's Office.

104-122, 124.)  While Defendant Gray opposes the motion (Dkt. No. 168) seeking

appointment of Attorney Roddy of Wilentz, Goldman & Spitzer, P.A. as co-lead counsel,

there has been no showing by Defendants that the Co-Plaintiffs will not adequately protect

the potential class, or that they are subject to unique defenses.  Thus, the Court finds the

adequacy requirement of Rule 23 of the Federal Rules of Civil Procedure is met for purposes

of this motion.  Finally, there has also been no showing that the Co-Plaintiffs will not be

adequately represented by the Plaintiffs' counsel.

Therefore, the Co-Plaintiff's motion for appointment as co-lead Plaintiffs and to

appoint the law firms of Wilentz, Goldman & Spitzer, P.A. and the Cherundolo Law Firm,

PLLC, as co-lead counsel to represent the class in this action is granted.

### B.    Discovery Issues

Turning to Plaintiffs' motion for reconsideration of the Court's Text Order (Dkt. No.

166) requiring Plaintiffs and Defendant Gray to split the cost of the Plaintiffs' production of

documents (Dkt. No. 167), and considering the expense of providing hard copies of the

subject documents as set forth in Dkt. No. 167, the Court reconsiders Dkt. No. 166 and finds

that the cost of printing hard copies of the discovery documents for Defendant Gray is an

excessive and unnecessary burden on Plaintiffs not proportional to the needs of the case.

Therefore, the Court's Text Order dated May 2, 2018 (Dkt. No. 166) is withdrawn.  Plaintiffs'

document production to Defendant Gray is held in abeyance until such time as Defendant

Gray is released from incarceration at which time the Court will make further directives to

Plaintiffs regarding production of the documents.

Defendant Gray also filed a letter request (Dkt. No. 177) to stay the action, to which

Plaintiffs filed a response in opposition.  (Dkt. No. 178.)  Defendant Gray then filed a letter

request (Dkt. No. 180) to reschedule the upcoming Court telephone conference, to which Plaintiffs also filed a response.  (Dkt. No. 181.)

Defendant Gray previously indicated to the Court that he would be out of prison and in a halfway house by mid-August of 2018.  (Text Minute Entry 4/11/2018.)  However, in light of Defendant Gray's continued incarceration, and the inability of Defendant Gray to have access to the voluminous discovery documents from Plaintiffs because he is unable to review a computer disk or storage drive without access to a computer while in prison, discovery between Defendant Gray and any other party is held in abeyance.  The Court conference scheduled for August 15, 2018, is adjourned and will be rescheduled when the Court deems it practical to do so.  Defendant Gray now believes he will be released from the Bureau of Prisons by September 30, 2018.  (Dkt. No. 180.)  Therefore, Defendant Gray must notify the Court and all counsel within seven (7) days of any change of address, or by October 1, 2018, whichever is sooner, of his correct address and contact information, even if he is still in the custody of the Bureau of Prisons.  Failure to do so may result in sanctions including but not limited to a default judgment being rendered against him.  Once Defendant Gray is released from the custody of the Bureau of Prisons, the Court will make further directives on when Plaintiffs must serve Defendant Gray with a computer disk or storage drive containing the subject voluminous discovery documents.

III.    **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that Co-Plaintiffs' motion (Dkt. No. 162) motion is **GRANTED**; and it is further

**ORDERED** that Steven Amerio and Andrew Goldberg are appointed as co-lead Plaintiffs; and it is further

**ORDERED** that the law firms of Wilentz, Goldman & Spitzer, PA and the Cherundolo Law Firm, PLLC, are appointed as co-lead counsel for Plaintiffs; and it is further

**ORDERED** that Plaintiffs' motion (Dkt. No. 167) for reconsideration of the process for Plaintiffs' document production is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' document production to Defendant Gray is held in abeyance; and it is further

**ORDERED** that Defendant Gray's letter motion (Dkt. No. 177) to temporarily stay this action is **DENIED**, however any discovery between Defendant Gray and any other party is held in abeyance until further Order of this Court; and it is further

**ORDERED** that Defendant Gray must notify the Court and all counsel within seven (7) days of any change of address, or by October 1, 2018, whichever is sooner, of his correct address and contact information, even if he is still in the custody of the Bureau of Prisons. Failure to do so may result in sanctions including but not limited to a default judgment being rendered against him; and it is further

**ORDERED** that Defendant Gray's letter motion (Dkt. No. 180) to adjourn the Court conference scheduled for August 15, 2018, is **GRANTED**, and the Court will reschedule the conference by separate Text Notice to all parties.

**IT IS SO ORDERED.**

Date:  August 6, 2018
       Syracuse, NY

Thérèse Wiley Dancks
United States Magistrate Judge

6