```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------

STEVEN AMERIO and ANDREW GOLDBERG,

                    Plaintiffs
          -v-                                      5:15-CV-538

GREGORY W. GRAY, JR.; GREGORY P.
EDWARDS; ARCHIPEL CAPITAL LLC; BIM
MANAGEMENT LP; and BENNINGTON
INVESTMENT MANAGEMENT, INC.

                    Defendants.

------------------------------------
```

APPEARANCES:                              OF COUNSEL:

CHERUNDOLO LAW FIRM, PLLC                 JOHN C. CHERUNDOLO, ESQ.
Attorneys for plaintiffs                  J. PATRICK LANNON, ESQ.
AXA Tower One 17th Floor
100 Madison Street
Syracuse, New York 13202




WILENTZ GOLDMAN & SPITZER PA              KEVIN P. RODDY, ESQ.
Attorneys for plaintiffs                  JAMES E. TONREY, JR., ESQ.
90 Woodbridge Center Drive, Suite 900
Woodbridge, New Jersey 07095




GREGORY W. GRAY, JR.
Defendant *pro se*
60 School Street #1192
Orchard Park, NY 14127

| | |
|---|---|
| TARTER KRINSKY & DROGIN LLP<br>Attorneys for defendants Edwards,<br>Archipel Capital LLC, BIM Management<br>LP, and Bennington Investment<br>Management, Inc.<br>1350 Broadway<br>New York, New York 10018 | MICHAEL J. GRUDBERG, ESQ. |

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

Plaintiffs Andrew Goldberg and Steven Amerio (together "Goldberg and Amerio" or "plaintiffs") maintain the present action against defendants Gregory Gray ("Gray"), Gregory Edwards, Archipel Capital LLC, BIM Management LP, and Bennington Investment Management, Inc. (together "defendants").

Goldberg and Amerio assert three claims for relief under federal law: (1) securities fraud under § 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) ("§ 10(b)"); (2) control person liability for securities fraud under § 20(a) of the Exchange Act, 15 U.S.C. § 78t(a) ("§ 20(a)"); and (3) a civil claim under 18 U.S.C. § 1962(a) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiffs also assert nine claims under New York common and statutory law: (1) common law fraud; (2) common law negligent misrepresentation; (3) common law breach of fiduciary duty; (4) common law conversion; (5) common law unjust enrichment; and (6-9) four violations of New York Debtor and Creditor Law. Dkt. 132, the Second Amended Complaint ("SAC"), ¶¶ 142-267. Of those twelve total claims, all remain active against Gray, however, only the claims of § 10(b) securities fraud, common law fraud, negligent misrepresentation, and breach of fiduciary duty remain active against all other remaining defendants. SAC ¶¶ 142-267.

2

Relevant to the instant motion, on December 17, 2018, Goldberg and Amerio moved under Federal Rule of Civil Procedure ("Rule") 23(b)(3) to certify this case as a class action. Dkt. 202.  The parties fully briefed the motion, and this Court denied it on September 3, 2019. Dkt. 252, *Amerio v. Gray*, 2019 WL 4170160 (N.D.N.Y. Sept. 3, 2019).  Plaintiffs have now moved this Court to reconsider the denial of class certification under Rule 7.1(g) of the Local Rules of the Northern District of New York.  Dkt. 255.  This Court assumes the parties' familiarity with the underlying facts of this case as discussed in this Court's September 3 decision.  *Amerio*, 2019 WL 4170160.  This motion has been fully briefed and will now be considered on the basis of the parties' submissions without oral argument.

A movant faces a "strict" standard in attempting to prevail on a motion for reconsideration.  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  These motions are not intended to allow a party a rehearing on the merits where they can levy facts and arguments that were available to them from the outset but that they did not advance. *See id.*  As such, motions for reconsideration are an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Montblanc-Simplo GmbH v. Colibri Corp.*, 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010).

Thus, a prior ruling will only be reconsidered and vacated if:  (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice.  *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983), *cert. denied*, 464 U.S. 864 (1983)).

As defendants correctly note, Goldberg and Amerio have pointed to no intervening change in law or previously unavailable evidence in moving for reconsideration.  Instead,

3

plaintiffs argue that this Court committed a clear error of law based on four points: (1) that defendants have not asserted a lack of reliance as an affirmative defense; (2) that plaintiffs could prove reliance through common evidence; (3) that eight of the twelve claims presented in the SAC do not require proof of reliance; and (4) that this Court should have partially certified a class under Rule 23(c)(4) such that only reliance would need to be tried on an individual basis. None of Goldberg and Amerio's advanced arguments allow for reconsideration.

First, that defendants have not asserted a lack of reliance as an affirmative defense does not somehow remove from Goldberg and Amerio the burden of proving that element. As plaintiffs, they bear the burden of proving every element of every claim that they assert. *See Selevan v. N.Y. Thruway Auth.*, 711 F.3d 253, 256 (2d Cir. 2013) (noting that summary judgment is warranted where plaintiffs fail to provide evidence of an essential element on which plaintiffs bear the burden of proof).

An affirmative defense, by contrast, is a defense that the defendants must assert and prove, and for which they have the burden. *See Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 490 (2d Cir. 2018) (discussing whether Title VII exhaustion is an affirmative defense and by extension whether plaintiff or defendant bore the burden of proof). This is basic tort law. Barring a stipulation that Goldberg and Amerio need not prove reliance, they must prove this element in their fraud claims to carry their burden. *See Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 37-38 (2011) (including reliance as an element of § 10(b) securities fraud); *In re Lululemon Sec. Litig.*, 14 F. Supp. 3d 553, 575 (S.D.N.Y. 2014) (requiring proof of initial violation of securities law and all of its elements to prove control person liability under § 20(a)); *see also Crigger v. Fahnestock & Co., Inc.*, 443 F.3d 230, 234 (2d Cir. 2006) (listing reliance as an element of common law fraud); *Hydro Inv'rs, Inc. v.*

4

*Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir. 2000) (listing reliance as element of negligent misrepresentation). To the extent that plaintiffs argue that they have been absolved of their burden of proof, that argument is nearly frivolous.

Second, it may very well be true that Goldberg and Amerio could have proven reliance through common evidence, as they now suggest. Again, however, plaintiffs seem to misunderstand the allocation of burdens. They, and no one else, were responsible for advancing the argument that this action would best be served by the class action format. *Teamsters Local 445 Freight Div. Pension, Fund v. Bombardier Inc.*, 546 F.3d 196, 202-03 (2d Cir. 2008) (noting that the party moving for class certification bears the burden of proving by a preponderance that a class action is the proper mechanism to resolve the case). Defendants did not have the burden of proving that class certification was inappropriate. Nor, for that matter, was this Court obligated to comb through the record to hypothesize in what ways plaintiffs could prove reliance.

If Goldberg and Amerio had submitted proposed class-wide evidence that could have established reliance, the outcome of their initial motion might have been otherwise. They did not. Instead, they spent almost the entirety of their submissions arguing that the presumption of reliance established in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), applied. As explained in the September 3 Decision and Order, it plainly did not. *Amerio*, 2019 WL 4170160, at *4-6. Rather, the Second Circuit's decision in *Waggoner v. Barclays PLC*, 875 F.3d 79 (2d Cir. 2017), foreclosed the applicability of that presumption in the circumstances plaintiffs presented. *Id.* at 95-96. Plaintiffs were apprised of this in defendants' motion in opposition of class certification, yet still they persisted in arguing that the *Affiliated Ute* presumption applied, to the detriment of their other arguments.

5

Similarly, this Court is not swayed by the additional authorities upon which Goldberg and Amerio now rely. Of course it is possible that fraud-based claims can be proven through common evidence, see *In re U.S. Foodservice Inc. Pricing Litigation*, 729 F.3d 108, 119-20 (2d Cir. 2013), and that reliance in financial transactions may be proven by the payment of money alone, see *McLaughlin v. American Tobacco Co.*, 522 F.3d 215, 225 n.7 (2d Cir. 2008). But again, it must be stressed that plaintiffs bore the burden of establishing how this case—which involved not a simple financial transaction but a choice in investments, not to mention the several different meetings between defendants and the proposed class that plaintiffs alleged swayed them—could be proven through common proof. Thus, plaintiffs' argument regarding class proof cannot require this Court to reconsider its earlier decision.

For their third argument, Goldberg and Amerio correctly note that there are more claims not involving reliance than there are claims that do require proof of that element, and therefore argue that it was error to rule that individual issues predominated. This argument ignores, however, that the predominance inquiry "does not simply require a mathematical accounting of whether common or individualized questions are more *numerous*. Instead, it 'requires a qualitative assessment . . .; it is not bean counting.'" *In re Air Cargo Shipping Servs. Antitrust Litig.*, 2014 WL 7882100, at *35 (E.D.N.Y. Oct. 15, 2014) (emphasis and alterations in original) (citing *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013) (Posner, J.)).

Though plaintiffs' non-fraud claims may have been more numerous, the wellspring of the complaint was the § 10(b) securities fraud, and thus the more numerous additional claims do not confer predominance. *In re Air Cargo*, 2014 WL 7882100, at *35. It was for the sole purpose of supporting the notion that a case can be "predominantly" a fraud case without sounding entirely in fraud that this Court cited *Dungan v. Acad. at Ivy Ridge*, 249 F.R.D. 413,

415-17 (N.D.N.Y. 2008), *abrogated in part by Bridge v. Phx. Bond & Indem. Co.*, 553 U.S. 639, 658-59 (2008). It is true that there were more claims of fraud in *Dungan* than there were non-fraud claims. *Id.* That would matter if class certification were such a rote inquiry, or an exercise in "bean counting." *In re Air Cargo*, 2014 WL 7882100, at *35. It is not. Plaintiffs' mathematical arguments are thus of no moment, especially because every defendant except for Gray—and thus every defendant with counsel—has had every claim but one that does not involve reliance dismissed against them already.

Finally, regarding Goldberg and Amerio's fourth argument, it is true that this Court could have used Rule 23(c)(4) to allow for class resolution of the remaining issues while leaving the issue of reliance to be dealt with on an individual, rather than class-wide, basis. This Court specifically noted in the September 3 Decision and Order, however, that it "would achieve no economy of time, effort or expense to proceed with a litany of lesser issues in a class setting, ignoring the reliance issue as it broods overhead." *Amerio*, 2019 WL 4170160, at *10. That proposition remains just as true one month later as it was then. In any case, plaintiffs did not present any arguments in favor of class certification limited to only certain issues. They cannot now complain that this Court did not do their work for them.

Goldberg and Amerio persisted in their doomed arguments that the *Affiliated Ute* presumption applied long after the extent to which those arguments were hopeless became clear. They chose, as is their right and duty as advocates, to marshal their limited time and resources pursuing what they believed to be their best arguments. In some respects, their commitment to their chosen path is admirable, but discretion may have been the better path than valor. In the end, plaintiffs did not carry their burden, and this Court declined to carry it for them. Presented in a motion to reconsider with arguments and evidence that all could

7

have been brought to bear in the first instance, it refuses to carry that burden now.  Plaintiffs' motion for reconsideration must therefore be denied.

Therefore, it is

ORDERED that plaintiffs' motion for reconsideration is DENIED.

It is SO ORDERED.

_____
David N. Hurd
U.S. District Judge

Dated:  October 21, 2019
       Utica, New York.