UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW GOLDBERG and STEVEN AMERIO,

               Plaintiffs
          -v-                                 5:15-CV-538

GREGORY W. GRAY, JR.; GREGORY P.
EDWARDS; ARCHIPEL CAPITAL LLC; BIM
MANAGEMENT LP; and BENNINGTON
INVESTMENT MANAGEMENT, INC.

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| CHERUNDOLO LAW FIRM, PLLC<br>Attorneys for plaintiffs<br>AXA Tower One 17th Floor<br>100 Madison Street<br>Syracuse, New York 13202 | JOHN C. CHERUNDOLO, ESQ.<br>J. PATRICK LANNON, ESQ. |
| WILENTZ GOLDMAN & SPITZER PA<br>Attorneys for plaintiffs<br>90 Woodbridge Center Drive, Suite 900<br>Woodbridge, New Jersey 07095 | KEVIN P. RODDY, ESQ. |
| JAMES TONREY ESQ.<br>Attorneys for plaintiffs<br>144 Pinewood Avenue<br>Staten Island, New York 10306 | JAMES E. TONREY, JR., ESQ. |
| GREGORY W. GRAY, JR.<br>Defendant *pro se*<br>60 School Street #1192<br>Orchard Park, New York 14127 | |
| TARTER KRINSKY & DROGIN LLP<br>Attorneys defendants Edwards<br>and Bennington Investment<br>Management, Inc.<br>1350 Broadway<br>New York, New York 10018 | MICHAEL J. GRUDBERG, ESQ. |

DAVID N. HURD
United States District Judge

**MEMORANDUM–DECISION and ORDER**

On April 30, 2015, plaintiff Andrew Goldberg ("Goldberg") filed a complaint alleging several claims sounding in fraud and similar financial misconduct against the varied defendants in this case. Those defendants are: Gregory Gray ("Gray"), a financial advisor who offered Goldberg—and the rest of his clients—some ill-advised investment options; Gregory Edwards ("Edwards"), an experienced financial advisor and Gray's partner; and the three primary investment companies they ran together, Archipel Capital LLC ("Archipel"), BIM Management LP ("BIM"), and Bennington Investment Management, Inc. ("Bennington"). On December 22, 2017, Steven Amerio, another hapless investor in the same properties, joined Goldberg as a plaintiff (together "plaintiffs") in the action.

On August 2, 2016, Edwards and Bennington moved to dismiss the complaint. That motion was granted as to counts: (II) control person liability under § 20(a) of the Securities and Exchange Act of 1934; (III) civil claim under the Racketeering Influenced and Corrupt Organizations Act 18 U.S.C. § 1962; (VII) common law conversion; (IX) unjust enrichment; and (X-XIII) New York debtor & creditor law claims. *See generally Goldberg v. Gray*, 2016 WL 4099189 (N.D.N.Y. Aug. 2, 2016). On September 3, 2019, plaintiffs' motion to certify a class of all the investors they allege were swindled by defendants was denied, *Amerio v. Gray*, 2019 WL 4170160 (N.D.N.Y. Sept. 3, 2019), as was plaintiffs' subsequent motion for reconsideration on that score, *Amerio v. Gray*, 2019 WL 5307248 (N.D.N.Y. Oct. 21, 2019). On October 16, 2019, the dispositive motion deadlines came and went without any filings.

Meanwhile, this Court grappled with this case's twin, *McEssy v. Gray*, 1:15-CV-1462(DNH/TWD). On December 13, 2019, a Memorandum-Decision Order was issued in that case granting partial summary judgment against Gray, denying partial summary

2

judgment against Edwards and Bennington, granting summary judgment in Edwards' and Bennington's favor on one count, and granting partial default judgment against Archipel and BIM. *McEssy v. Gray*, 2019 WL 6829053, at \*28-29 (N.D.N.Y. Dec. 13, 2019). That decision involved expansive and complex legal analysis involving several different choice of law questions and a genuine *Erie* guess. *See generally id.*

Given the lack of any dispositive motion practice in this case, the Court finds itself in a bit of a quandary. It would be unreasonable to ask a jury to handle the legal complexity this case promises, but trial is all that remains. Although of course *McEssy* was not identical to the present case, the facts and complexities of the two nevertheless share some broad similarities, and a similar tack will be needed to reduce this case into a triable form.

Therefore, any and all parties may move for summary judgment on any and all claims that remain active by or against them no later than May 12, 2020. Additionally, the Court notes that neither BIM nor Archipel have had counsel appear to defend them thus far. "[W]here a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to [Federal Rule of Civil Procedure ("Rule")] 55 . . . ." *SEC v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975). The same is true of partnerships. *Leviton Mfg. Co., Inc. v. Fastmac Performance Upgrades, Inc.*, 2013 WL 4780045, at \*2 (S.D.N.Y. July 8, 2013).

Therefore, plaintiffs must also move for default judgment against the unrepresented entity defendants, Archipel and BIM, no later than May 12, 2020. If plaintiffs fail to move for default judgment against either unrepresented entity for any claim by that date, that claim will be dismissed under Rule 41(b) for failure to prosecute. The parties are encouraged to refer to this Court's decision on the motions in *McEssy*, 2019 WL 6829053, as an analogy for the claims in this case.

Therefore, it is

ORDERED that

1. Notwithstanding the lapsed discovery deadlines, the parties may move for summary judgment in their favor no later than Tuesday, May 12, 2020;

2. Plaintiffs must move for default judgment against Archipel and BIM, the unrepresented entity defendants no later than Tuesday, May 12, 2020;

3. All responses to any motions made by May 12, 2020 must be filed no later than Tuesday, June 2, 2020, with all replies filed no later than Tuesday, June 16, 2020; and

4. If plaintiffs fail to move for default judgment on any claim against the unrepresented entity defendants, those claims will be dismissed for failure to prosecute under Rule 41(b).

IT IS SO ORDERED.

Dated: March 31, 2020
Utica, New York.

David N. Hurd
U.S. District Judge